UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81396-CIV-CANNON/Reinhart

**SANDRA MICELI**,

    Plaintiff,

v.

**SMITH & NEPHEW, INC. et al.**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 27]**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand (the "Motion") [ECF No. 22]. On November 28, 2022, Judge Bruce E. Reinhart issued a report recommending that Plaintiff's Motion be granted (the "Report") [ECF No. 27]. Defendant Smith & Nephew, Inc. filed Objections to the Report [ECF No. 28], to which Plaintiff responded [ECF No. 29]. The Court has reviewed the Report [ECF No. 27], Defendant's Objections [ECF No. 28], Plaintiff's Response [ECF No. 29], Defendant's Reply [ECF No. 30],[1] and the full record. For the reasons set forth below, the Report [ECF No. 27] is **ACCEPTED**; Plaintiff's Motion to Remand [ECF No. 22] is **GRANTED**; and this matter is remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**RELEVANT BACKGROUND**

On August 10, 2022, Plaintiff filed a civil action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [ECF No. 1 p. 1]. On September 7, 2022, Plaintiff filed a six-count

---

[1] Although Defendant was required to seek leave to file a Reply to Plaintiff's Response, *see* Fed. R. Civ. P. 72(b)(2) (permitting objections and responses to objections), the Court elects in this instance to consider it.

First Amended Complaint against Defendants Smith & Nephew, Inc. ("S&N"), J.E. Scanlon Surgical, LLC ("Scanlon Surgical"), John Scanlon, and Heather (Clay) Wright alleging the following causes of action against all Defendants: (1) Strict Product Liability – Failure to Warn (Count I); (2) Strict Product Liability – Defective Design (Count II); (3) Strict Liability – Manufacturing Defect (Count III); (4) Strict Liability – Breach of Warranty (Count IV); (5) Negligence (Count V); and (6) Negligent Misrepresentation (Count VI) [ECF No. 22-1]. These claims arise from Plaintiff's 2014 hip replacement surgery performed by orthopedic surgeon, Dr. Holly Brown Lenard. Dr. Lenard implanted in Plaintiff an "Echelon stem" (manufactured by S&N), which subsequently fractured [ECF No. 22-1]. Plaintiff alleges that Defendants Scanlon Surgical, Scanlon, and Wright were responsible for knowingly marketing and selling the defective Echelon stem to Plaintiff's physicians and/or healthcare providers [ECF No. 22-1 ¶ 43].

Plaintiff is a resident of Florida [ECF No. 22-1 ¶ 22]. Defendant S&N is a Delaware corporation [ECF No. 22-1 ¶ 24]. Defendant Scanlon Surgical is a Florida corporation with its principal place of business in North Palm Beach, Florida [ECF No. 22-1 ¶ 29]. Defendants Scanlon and Wright are Florida residents [ECF No. 1 ¶¶ 32, 38].

On September 8, 2022, S&N removed the action to this Court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) [ECF No. 1 p. 4]. S&N concedes that Defendants Scanlon Surgical, Scanlon, and Wright (the "Florida Defendants") are citizens of Florida but urges the Court to disregard their citizenship under the doctrine of fraudulent joinder [ECF No. 1 p. 5].

On October 4, 2022, Plaintiff filed the instant Motion to Remand [ECF No. 22], which this Court referred to Magistrate Judge Reinhart for a Report and Recommendation [ECF Nos. 27 28, 29, 30]. The Report is ripe for adjudication.

CASE NO. 22-81396-CIV-CANNON/Reinhart

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report recommends that the Court grant Plaintiff's Motion to Remand because the presence of the Florida Defendants defeats diversity jurisdiction [ECF No. 27 pp. 18–19]. In reaching this conclusion, the Report first determines that the Amended Complaint, filed prior to removal, became the operative pleading for purposes of considering diversity and the Notice of Removal [ECF No. 27 pp. 9–10]. The Report then proceeds to consider whether Plaintiff "fraudulently joined" the Florida Defendants to defeat diversity jurisdiction [ECF No. 27 pp. 10–18]. After evaluating the Amended Complaint and the declarations submitted by the parties, the Report concludes that S&N has not met the "heavy burden" to establish fraudulent joinder—i.e., S&N has not shown, by clear and convincing evidence, that there is "no possibility" that Plaintiff can establish a cause of action against the Florida Defendants, at least with respect to Count I (Strict Liability – Failure to Warn) and Count V (Negligence) [ECF No. 27 p. 18]. *See*

3

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (describing the "heavy" burden to establish fraudulent joinder and the need to evaluate all factual allegations and questions of law in Plaintiff's favor). As such, the Report determines, complete diversity is lacking, requiring remand [ECF No. 27 p. 19].

I. **Consideration of Amended Complaint to Determine Diversity Jurisdiction**

S&N first objects to the Report's conclusion that the Amended Complaint (not the initial Complaint) is the operative pleading for purposes of determining diversity jurisdiction and the propriety of removal [ECF No. 28 pp. 5–8].[2] According to S&N, although Plaintiff named Defendants S&N, Scanlon Surgical, John Scanlon, and Heather Wright in the Amended Complaint prior to removal [ECF No. 22-1], the Amended Complaint should not be deemed the operative pleading for removal purposes, because neither S&N nor the Scanlon Defendants had been properly served with the Amended Complaint prior to removal [ECF No. 28 p. 1 ("Smith & Nephew's contention is that the original Complaint was operative because Plaintiff filed the Amended Complaint in state court, but by Plaintiff's own admission had not served it on Smith & Nephew or the Scanlon Defendants at the time of removal."); ECF No. 28 pp. 5–8 (explaining that, although S&N and the Scanlon Defendants had received service of process of the original complaint, they had not appeared in the state court case at the time Plaintiff filed the Amended Complaint); ECF No. 28 pp. 7–8 ("The well-reasoned case law and sound policy support a ruling that when defendants have been served with process in the form of an original complaint but have not yet entered an appearance when an amended complaint is filed in state court, formal service of

---

[2] The initial complaint named as Defendants S&N (Delaware corporation), Scanlon Surgical (Florida corporation); and John Scanlon (Florida resident) [ECF No. 1-2 ¶¶ 24, 29, 32]. The Amended Complaint retained the previous defendants and all previously asserted claims but added Wright as another Florida defendant and added claims against all defendants for strict liability (manufacturing defect) and strict liability (breach of warranty) [ECF No. 22-1].

the amended complaint is required before it becomes the operative complaint for removal purposes.")].[3]

S&N's argument fails for the reasons stated in the Report and the additional authorities cited herein [ECF No. 27 pp. 9–10]. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings *at the time of removal*, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added). As numerous courts have acknowledged, this evaluation includes consideration of all defendants named on the face of the filed pleading—regardless of whether such named defendants have been served.[4] At the time of removal in this case, Plaintiff had filed the Amended Complaint in state court, requiring this Court to examine the propriety of removal from the face of the Amended Complaint—not from

---

[3] Although S&N does not disagree that it was aware of the Amended Complaint before it removed this action, the parties in their objections to the Report dispute whether Plaintiff effectuated proper e-mail service of the Amended Complaint under Florida Rule of Judicial Administration 2.516 [ECF No. 29 pp. 2–3; ECF No. 30]. The Court declines to decide this issue—accepting for purposes of this Order Defendants' contention that it was not properly served with the Amended Complaint prior to removal.

[4] *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."); *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("[D]iversity jurisdiction must be determined from the face of the pleading and not from returns of service of process or lack thereof[.]" (original brackets and internal quotation marks omitted)); *Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217–18 (7th Cir. 1997) (rejecting argument that the citizenship of a defendant could be ignored because the defendant had never been served); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981) ("[S]ection 1441(b) did not change the removal requirement set forth in *Pullman* that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159*, 714 F.2d 342 (4th Cir. 1983) ("Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served."); *Rhodes v. Barnett*, 692 F. App'x 834, 835-36 (9th Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete diversity.").

5

returns of service or lack thereof. *See Pullman Co.*, 305 U.S. at 541 ("[T]he fact that the resident defendant has not been served with process [of the Amended Complaint] does not justify removal by the non-resident defendant."). The Court agrees with the Report's determination to evaluate diversity jurisdiction—and S&N's associated fraudulent joinder argument—based on the Amended Complaint.

II. **Fraudulent Joinder**

S&N next takes issue with the Report's conclusion that S&N has not met its burden to establish fraudulent joinder [ECF No. 28 pp. 8–20]. The Report examines the record on removal, including the declarations submitted by Dr. Lenard [ECF Nos. 22-5, 26-1], and concludes that S&N has failed to show "no possibility" that Plaintiff can state a colorable claim for relief against the Florida Defendants for strict product liability based on a duty to warn (at least as to Defendant Wright), and against the Florida Defendants for negligence [ECF No. 27 pp. 16, 18]. S&N criticizes the Report for failing to apply federal pleading standards in evaluating the Amended Complaint; relying on what S&N describes as vague and unsupported allegations in Dr. Lenard's declarations (as compared to the more specific Scanlon and Wright Declarations [ECF Nos. 25-1, 25-2, 25-3]); and making what it characterizes as improper assumptions and inferences in evaluating Plaintiff's claims against the Florida Defendants [ECF No. 28 pp. 8–20].

Upon full review of S&N's objections, the Court agrees with the Report that remand is warranted. S&N's objections essentially reduce to an attack on the sufficiency of Plaintiff's allegations and the inferences to be drawn from the competing declarations in the removal record [ECF Nos. 22-5, 26-1, 25-1, 25-2, 25-3]. While S&N ultimately may prevail on these points on summary judgment or otherwise, S&N has not shown error in the Report's application of the fraudulent joinder doctrine, which of course is not a federal pleading standard but rather a narrow exception to the requirement of complete diversity. As the Eleventh Circuit has made clear,

"[n]othing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (distinguishing fraudulent joinder standard from Rule 12(b)(6) plausibility standard). "All that is required are allegations sufficient to establish 'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.'" *Id.* (quoting *Coker*, 709 F.2d at 1440–41); *see Pacheco de Perez* 139 F.3d at 1380–81 ("In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" (quoting *Crowe*, 113 F.3d at 1538)).

In this case, the Report adheres to these fraudulent joinder principles. The Report considers the available record on removal, including the Amended Complaint and the competing declarations. *See Pacheco de Perez*, 139 F.3d at 1380. The Report identifies specific and material contradictions between Dr. Lenard's declarations, on the one hand, and the declarations offered by Scanlon and Wright—ultimately finding contested issues of fact not appropriate for resolution on a motion to remand [ECF No. 27 pp. 14–15, 18]. And, although S&N takes issue with certain inferences drawn in the Report as relate to Plaintiff's strict liability and negligence claims—for example, that the Florida Defendants were compensated for the sale of the Echelon stem or that Wright's presence in the operating room during Plaintiff's surgery supports her role as part of the product's distributive chain [ECF No. 28 pp. 18–20]—the Court finds these inferences to be reasonably drawn from the removal record and in accordance with the Eleventh Circuit's instruction to resolve all doubts about removal jurisdiction in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411 (11th Cir. 1999).

S&N has not met its heavy burden to establish by clear and convincing evidence that there is no possibility that Plaintiff can state an arguable claim against the Florida Defendants. The

CASE NO. 22-81396-CIV-CANNON/Reinhart

presence of the Florida Defendants destroys diversity jurisdiction. 28 U.S.C. § 1332(a). Remand is required.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 27] is **ACCEPTED**.

2. Plaintiff's Motion to Remand [ECF No. 22] is **GRANTED**.

3. The above-captioned matter is remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Court reaches no view on the ultimate merit of any of Plaintiff's claims.

4. The Clerk of Court is directed to **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 3rd day of January 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record